**Raymond C. SCHULZ, Plaintiff,**

v.

**Franklin LOTTER, Defendant.**

**No. 81–C–356.**

United States District Court,
E. D. Wisconsin.

Dec. 18, 1981.

---

David C. Niblack, State Public Defender by Steven P. Weiss, Asst. State Public Defender, Madison, Wis., for plaintiff.

Thomas J. Balistreri, Asst. Atty. Gen., Bronson C. LaFollette, Wis. Atty. Gen., Madison, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On April 9, 1981, Mr. Schulz filed a petition for a writ of habeas corpus. This lawsuit has a rather complicated history for a case of this type. Mr. Schulz is represented by the Wisconsin public defender's office. He does not challenge his conviction on a misdemeanor charge; instead he protests the procedures relating to his release on bail pending his state court appeal. Expedited consideration of his petition was requested because he was serving a forty-five day sentence that commenced on March 24, 1981. Mr. Schulz also moved for bail pending his state court appeal. His contention is that section 969.01(2)(b), Wis. Stats., provides for bail for people convicted of misdemeanor offenses, but that the state court judge denied bail until Mr. Schulz filed a notice of appeal. Mr. Schulz asserts that the denial of his mandatory right to bail is unlawful.

Magistrate Ruth W. LaFave ordered an answer to the petition, briefs were filed, and oral argument was held on April 23, 1981. The magistrate was then informed that Mr. Schulz was to be released from custody on April 27, 1981. The magistrate concluded that this made a final decision on the petition prior to release impossible. Accordingly, the magistrate no longer gave the petition expedited treatment.

On July 6, 1981, the magistrate invited briefs on the issue of whether Mr. Schulz' petition was moot. On July 28, 1981, the public defender filed a petition for a writ of habeas corpus for Anthony Eggerstaffer, "on his own behalf and as representative of the class of persons similarly situated." Included with the petition is an affidavit of indigency. The public defender also filed a motion to intervene in the Schulz action and a motion to certify class and authorize proceedings under Rule 23, Federal Rules of Civil Procedure, or as a representative action. The public defender contended that Mr. Eggerstaffer's situation was virtually identical to that of Mr. Schulz and that the issues raised were similar to those considered in *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

On October 1, 1981, the magistrate filed a memorandum and recommendation pursuant to local rule 10.03. The magistrate recommends that the motion to intervene and to certify a class action be denied. She also recommends that the petition of Mr. Schulz be denied because it is moot. The public defender objects to these recommendations and several other parts of the magistrate's conclusion that the petition of Mr. Schulz is moot. However, the public defender argues that Mr. Eggerstaffer has a right to intervene under Rule 24(a), Federal Rules of Civil Procedure, citing *Geraghty v. U. S. Parole Commission*, 579 F.2d 238, 248–54 (3rd Cir. 1978), and *Gerstein, supra*, 420 U.S. at 110 n. 11, 95 S.Ct. at 861 n. 11.

The motions to intervene and to certify a class were filed after the release of Mr. Schulz, the act that made his claim moot. As such, his petition was moot before the issue of a class action was present. This is a different situation than those of *Geraghty* and *Gerstein*. There the claims

of the named plaintiffs became moot after the filing of the class action motion. Both cases in essence held that the class action did not lose vitality when the claims of the named plaintiff became moot, because otherwise the shortness of the duration of the claims would mean that the class-wide issues would never be resolved. *See Gerstein, supra,* 420 U.S. at 110 n.11, 95 S.Ct. at 861 n.11; *Geraghty, supra,* at 248–51. The case at bar is different, for at the time of the filing of Mr. Eggerstaffer's petition, no legal controversy existed, since Mr. Schulz' petition was moot. Intervention by the class claims would "breathe life into a nonexistent suit." *McKay v. Heyison,* 614 F.2d 899, 906 (3rd Cir. 1980). This is true whether the intervention is a matter of right under Rule 24(a) or merely permissive under Rule 24(b). Accordingly, I will adopt the magistrate's recommendations; Mr. Eggerstaffer's motions will be denied, and the petition of Mr. Schulz will be dismissed.

■ The magistrate also determined that Mr. Eggerstaffer's petition was only an effort to intervene in Mr. Schulz' action and that the public defender did not intend to commence a separate lawsuit. The public defender objects to this characterization of Mr. Eggerstaffer's petition, and I agree with such objection. I think that the record as a whole reveals that Mr. Eggerstaffer did in fact want to file a separate petition for a writ of habeas corpus. Accordingly, Mr. Eggerstaffer's petition will be transmitted to the clerk of court for random assignment as a new case.

Therefore, IT IS ORDERED that the magistrate's recommendation be and hereby is adopted in part and rejected in part.

IT IS ALSO ORDERED that the petition of Raymond Schulz for a writ of habeas corpus be and hereby is dismissed as moot.

IT IS FURTHER ORDERED that the motions of Anthony Eggerstaffer to intervene in Mr. Schulz' action and to certify a class in that action be and hereby are denied.